James Lloyd EDWARDS, Defendant below, Appellant,

v.

The STATE of Delaware, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted May 16, 1978.

Decided June 5, 1978.

Paul Lukoff of Paul, Lukoff & Hurley, Wilmington, for defendant below, appellant.

Charles K. Meuse, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

McNEILLY, Justice:

Defendant appeals from his conviction of felony-theft in violation of 11 *Del.C.* § 841; * the only issue is whether the Superior Court correctly instructed the jury as to the statutory elements of the crime. Finding no error, we affirm.

I

Defendant was employed as the manager of a corporation engaged in the retail distribution of carpeting. He agreed with the owners of the corporation that he would purchase a percentage of the stock therein, but he had inadequate capital for the initial investment. Therefore, defendant agreed to work as manager for a reduced salary, and his labor was to be partially added as his contribution to the capitalization of the company. A salary dispute arose, defendant claiming that he was entitled to a larger base wage than that which he received.

---

* 11 *Del.C.* § 841 reads in full as follows:

§ 841. Theft; class E felony; class A misdemeanor.

A person is guilty of theft when he takes, exercises control over or obtains property of another person intending to deprive him of it or appropriate it. Theft includes the acts described in §§ 842 through 846.

A person is guilty of theft if he, in any capacity legally receives, takes, exercises control over, or obtains property of another which is the subject of theft, and fraudulently converts same to his own use.

Theft is a class A misdemeanor, unless the value of the property is $300 or more, in which case it is a class E felony.

In an attempt to gain leverage in the dispute, defendant, as manager of the business, caused a customer to draw a check in the amount of $580.00, intended as payment for carpet previously delivered, to the order of defendant. Defendant admitted taking the check, cashing it, and keeping the proceeds. He never remitted the money to the corporation, or advised the owners of his action. However, defendant did allow invoices evidencing the payment to be sent to the owners. Thus by checking the corporation's account the owners were able to discover that payment had been made, but had not been received. The owners thereafter lodged criminal charges which formed the basis of the indictment against defendant. A Superior Court jury found defendant guilty.

## II

The Trial Court, instructing the jury, read the first two paragraphs of § 841, but utilized only the first paragraph in describing the legal elements of theft. In this appeal defendant alleges as error the jury instructions, claiming that they were insufficient in several respects:

(1) since the case is clearly one of embezzlement, the first paragraph of § 841 should not have been read to the jury as it had no pertinency. The effect of reading the first paragraph was to produce confusion on the part of the jury;

(2) the Court improperly delineated the elements of theft in accordance with the first paragraph of § 841 rather than with the applicable second paragraph;

(3) since the appropriate section of the theft statute was that part which applies to embezzlement, i. e., the second paragraph of § 841, the Court erred by not listing the elements of that section, and specifically by refusing to define "fraudulently" as the word is used in § 841.

** 11 *Del.C.* § 855 reads in full as follows:
§ 855. Theft; indictment and proof.
　(a) Every prosecution for theft shall be based upon § 841 of this Criminal Code.
　(b) The defendant may be found guilty of theft if his conduct falls within any of the

■ We are of the opinion that the Superior Court correctly instructed the jury in accordance with the first paragraph of § 841, and the dictates of 11 *Del.C.* § 855.** We refer to the Commentary to § 841 where it is stated:

"During the legislative history of this Code, an additional, apparently redundant, paragraph was added to § 841. This paragraph specifically covers the situation in which a person legally comes into possession of property and thereafter 'fraudulently converts same to his own use.' Unfortunately the words 'fraudulently converts' are not defined, and it is unclear what burden of proof of fraud there might be, or what act might constitute conversion. These problems are not present in the first paragraph of § 841, which expressly covers such acts as *embezzlement* and conversion by a dishonest bailee and which uses only terms which are defined in the Code. Resort to the second paragraph should, therefore, be unnecessary." (emphasis added)

We agree with the Commentary, and call upon the Delaware Legislature to eliminate the "unnecessary" second paragraph of § 841 to remove the ambiguity created by that portion of the law, and to prevent problems such as that which has arisen in the case *sub judice.*

We hold, therefore, that in cases of theft, indictment and prosecution must be based upon 11 *Del.C.* §§ 841, 855. The Superior Court jury instructions distilled from that paragraph of § 841 are correct as a matter of law.

Defendant has attempted to have the Superior Court revert to common law rules and definitions concerning embezzlement in the proceedings in this case. Such a rever-

sections defining theft. Proof of any conduct constituting theft is sufficient to support an indictment or information charging theft, provided that the conduct proved is sufficiently related to the conduct charged that the accused is not unfairly surprised by the case he must meet.

sion is improper as the Delaware Criminal Code was a conscious effort to eliminate the arbitrary and often irrational common law distinctions. As stated in the Commentary to § 855:

> . . . The old distinctions must be thoroughly repressed or they will continue to give difficulty to courts and lawyers. Section 855 greatly liberalizes indictment procedure in the area of theft. Every prosecution for theft is to be based on § 841. There is no need to specify any additional section under which the State may be proceeding. The only standard is the safeguard against unfair surprise on the part of the accused. Thus the conduct proved must be sufficiently related to the conduct charged that the accused is not hampered in maintaining his defense. This procedure is not unfair to the defendant because *no matter what his conduct might formerly have been called,* it is now denominated theft, and is subject to uniform punishment. (emphasis added)

*   *   *   *   *   *

No error appearing in the Superior Court proceedings, defendant's conviction must be AFFIRMED.